IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                             Cr. No. 15-1022 JCH

TERRENCE CACHINI,

    Defendant.

## ORDER

THIS MATTER is before the Court on Defendant Terrence Cachini's Motion to Temporarily Modify Conditions of Release, filed November 25, 2015. (ECF No. 46) Pursuant to 18 U.S.C. § 3142, Defendant asks the Court for permission to leave La Pasada Halfway House temporarily and be placed in the third-party custody of his father until January 9, 2016 so that Defendant can fulfill his religious obligations. (*Id.* at 1) The United States filed a response in opposition to Defendant's motion on November 30, 2015. (ECF No. 47) Having reviewed the motion, the Government's response, and otherwise being fully advised, the Court **denies** Defendant's motion for modification of his pretrial conditions of release for the reasons set forth below.

    **I. Analysis**

On March 24, 2015, a federal grand jury returned an indictment charging Defendant with assault resulting in serious bodily injury within Indian country, in violation of 18 U.S.C. §§ 113(a)(6) and 1153. (ECF No. 13) The alleged victim is a minor child. (ECF No. 1) Defendant was released to the third-party custody of La Pasada Halfway House. (ECF No. 9) Defendant's current pretrial conditions of release include, among other requirements, that he does not contact

the victim or witnesses in this matter, that he restrict travel to Bernalillo County, New Mexico, and that he does not have unsupervised contact with minor children. (*Id.*) Trial is currently set in this matter for January 25, 2016. (ECF No. 42)

On June 2, 2015, the Court denied Defendant's motion requesting a furlough to attend two sacred religious ceremonies (summer solstice activities and Kachina dances) in Zuni, New Mexico. (ECF Nos. 26, 27) Defendant now seeks a temporary modification of his pretrial conditions of release so that he may attend and participate in the Shakalo and winter solstice religious activities being held by the Zuni Pueblo. (ECF No. 46) The Government opposes Defendant's motion on the grounds that (1) Defendant poses a significant danger to the community based on the nature of the offense committed, and (2) Defendant is a flight risk because he is charged with committing a violent offense against a child and consequently, may be subject to a mandatory minimum of ten (10) years imprisonment pursuant to 18 U.S.C. § 3559(f)(3). (ECF No. 47) The Government indicated in its response that Probation/Pretrial Services also opposes Defendant's motion. (*Id.* at 2)

Upon review of the parties' briefing and the pretrial services report, the Court concludes that it cannot modify Defendant's current conditions of release in a manner that would allow him to attend the religious ceremonies and simultaneously ensure his appearance at future proceedings and the safety of any other person or the community. *See* 18 U.S.C. § 3142(g). The Court has already carefully selected a combination of conditions that it believes are necessary to assure Defendant's appearance for Court proceedings and the safety of the community. *See id.* (requiring judicial officer to consider "(1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a minor child"; "(2) the weight of the evidence against the person; (3) the history and characteristics of the person, including" defendant's

"character, ... family ties, employment, financial resources, ... [and] criminal history"; and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release"). Given the seriousness of the charge against Defendant, the fact that the charged offense involves a minor victim, and Defendant's prior substance abuse history as well as his drug abuse conviction (Zuni Tribal Court, CR-2005-0301), the Court finds that it is not appropriate to modify Defendant's existing conditions of release at this time. While the Court is mindful of the significance of the religious ceremonies and Defendant's desire to participate in the ceremonies as a result of his position as a kiva leader, the Court is not convinced that Defendant's temporary release from the halfway house to the third-party custody of his father will assure the safety of the community and specifically, the safety of minor children that reside at Zuni Pueblo or minor children that may participate in the religious ceremonies this year. Defendant's Motion is, therefore, **DENIED**.

    **IT IS SO ORDERED.**

*Steve Yarbrough*
UNITED STATES MAGISTRATE JUDGE